UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHNATHAN HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>BRADY THOMAS, ZACH SHIFFLETT, AND J. CARPENTER,<br><br>Defendants. | CAUSE NO. 1:26-CV-114-JTM-AZ |

OPINION and ORDER

Johnathan Henderson, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Henderson alleges that a fire took place at the DeKalb County Jail on November 19, 2025. Henderson's cell became smoky, but he remained there for several hours because Assistant Jail Commander Zack Shifflett could not locate the key to manually unlock the doors. Once the key was located and the doors were unlocked, Henderson was transported to another county jail on a bus. He was not offered medical care at the

DeKalb County Jail, at the jail he was transferred to, or when he returned to the DeKalb County Jail. He is suing Sheriff Brady Thomas, Assistant Jail Commander Zack Shifflett, and Jail Commander J. Carpenter.

"A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Henderson has not described how Sheriff Brady Thomas or Jail Commander J. Carpenter were personally involved in the events that occurred on November 19, 2025, he has not stated a claim against them.

Henderson's only allegation against Assistant Jail Commander Zack Shifflett is that Shifflett could not find the key to manually unlock the cell doors during the fire. The Eighth Amendment[1] prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834

---

[1] Henderson' complaint indicates he was convicted and serving a sentence at the time the fire occurred. (DE # 1 at 1.)

(1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

The facts alleged in Henderson's complaint do not suggest that Assistant Jail Commander Zack Shifflett acted with deliberate indifference toward Henderson's safety. Shifflett's inability to quickly locate keys to manually unlock cell doors suggests negligence at best, not deliberate indifference. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th

Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Henderson also asserts that he should have been offered medical care, but he does not allege that he had any symptoms that necessitated medical care or that he asked for medical care at any point before or after he was transferred to another county jail. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). It cannot be plausibly inferred from the allegations in Henderson's complaint that any defendant was deliberately indifferent to his medical needs.

The amended complaint does not state a claim for which relief can be granted. If Henderson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Johnathan Henderson until **November 17, 2026**, to file an amended complaint; and

(2) CAUTIONS Johnathan Henderson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: October 13, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT